IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,   )
                            )   2:12-cv-01684-GEB-KJN
        Plaintiff,          )
                            )
    v.                      )   ORDER TO SHOW CAUSE AND
                            )   CONTINUING STATUS (PRETRIAL
OREPLEX INTERNATIONAL, LLC, )   SCHEDULING) CONFERENCE
                            )
        Defendant.          )
_____ )

        The June 25, 2012 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on October 15, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The June 25th Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than October 15, 2012, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

a hearing is requested, it will be held on October 29, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

     IT IS SO ORDERED.

Dated:  October 10, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1442 (10th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. <u>In re Hill</u>, 775 F.2d 1385, 1387 (9th Cir. 1985).