1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10
11  UNITED STATES OF AMERICA,

12              Plaintiff,                    No. CIV 2:12-cv-1684 GEB AC

13       vs.

14  OREPLEX INT'L, LLC,                       ORDER AND

15              Defendant.                     FINDINGS & RECOMMENDATIONS

16  _____/

17          Before the court is plaintiff United States of America's November 21, 2012

18  motion for default judgment, requesting nullification and enjoinment of defendant's lien filings.[1]

19  The court has determined that the matter shall be submitted upon the record and briefs on file

20  and accordingly, the date for hearing of this matter shall be vacated.  Local Rule 230.  On review

21  of the motion and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

22  /////

23  /////

24  /////

25  _____

26  [1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(19) and 28
U.S.C. § 636(b)(1).

1

FACTUAL ALLEGATIONS[1]

A.      False Lien Filed in 2004

                 On or before 2004, Internal Revenue Services ("IRS") Officer Gregory Gillen
was assigned to collect an unpaid Trust Fund Recovery Penalty and secure unfiled tax returns
from an individual named Mark L. Bryan.  See Mot. for Def. J. at 1-2.  On June 28, 2004, Bryan
filed with the Secretary of State of the State of California a false Uniform Commercial Code
("UCC") Financing Statement, Filing Number 0418460134, in the amount of $477,546,696.00
against Revenue Officer Gregory Gillen and other current and former IRS employees, including
(then) Commissioner Mark Everson, Michael Rockwell, John Tam, Bill Ryder, Thomas
Matthews, and Stephanie Hart.  On July 6, 2004, Bryan filed with the Secretary of State of the
State of California a UCC Financing Statement amending the June 28, 2004 UCC Financing
Statement.

                 The United States brought an action to expunge the false lien filing.  The court
entered judgment in favor of the United States, and entered an order stating that "Mark L. Bryan
is permanently enjoined from filing, or attempting to file, any document or instrument which
purports to create a lien or any other purported non-consensual lien or encumbrance against the
person or property of the above named IRS employees or others who authorized and/or
performed any act in connection with the assessment or collection of defendant's tax liabilities."
See United States v. Mark L. Bryan, 2:04-cv-2363 WBS JFM PS (E.D. Cal. June 3, 2005), aff'd,
200 Fed. Appx. 680 (9th Cir. 2006).

B.      False Liens Filed in 2009

                 On November 25, 2009, defendant Oreplex International, LLC ("Oreplex") filed
with the Secretary of State for the State of California a UCC Financing Statement, Filing
Number 09-7215376393, falsely describing as debtors the former Commissioner of the IRS

---

        [1]  These background facts are taken from plaintiff's complaint and the affidavits
submitted in support of plaintiff's application for default judgment.  Doc. Nos. 1, 17.

2

1   Mark Everson and the following current and former IRS employees: Gregory Gillen, Michael

2   Rockwell, John Tam, Bill Ryder, Thomas Mathews, and Stephanie Hart.  Compl. ¶ 5, Ex. 1.

3   This UCC Financing Statement lists Oreplex as the secured party, but notes that the "original

4   Secured Party, Mark Linn Bryan, has acknowledged by Private Contract this refiling of

5   Financing Statement and its assignment to Oreplex International."  Id., Ex. 1.

6           Also on November 25, 2009, Oreplex filed with the Secretary of State for the

7   State of California a UCC Financing Statement, Filing Number 09-7215382259, falsely

8   describing as a debtor Scott McGregor, the former United States Attorney for the Eastern

9   District of California who at all times relevant to this action was involved in litigation regarding

10  the unpaid federal tax liabilities of Mark L. Bryan.  Compl. ¶ 9.  This UCC Financing Statement

11  also lists as debtors individuals named "Diana Woodward Hagle et al.," Bill Lockyer, Patrick

12  Dorias, and Patrick Kenady, all at the address of 1300 I Street, Suite 125, Sacramento, CA

13  94244-2550.  Compl. ¶ 6, Ex. 2.  These individuals are State of California employees who have

14  been falsely described as debtors of Oreplex.  This UCC Financing Statement lists Oreplex as the

15  secured party, but notes that the "original Secured Party, Mathios: (sic) Zarefakis, has

16  acknowledged by Private Contract the right of Oreplex International, LLC to refile original

17  Financing Statement 04-12460788 as the holder in due course, Secured Party."  Id.

18  C.      False Lien Filed in 2010

19          On February 15, 2010, Oreplex filed with the Secretary of State for the State of

20  California a UCC Financing Statement, Filing Number 10-7222855375, falsely describing as

21  debtors Scott McGregor and Patrick Jennings, a Trial Attorney with the United States

22  Department of Justice in Washington, D.C., who at all times relevant to this action was involved

23  in litigation regarding the unpaid federal tax liabilities of Mark L. Bryan.  Compl. ¶¶ 7, 9.  This

24  UCC Financing Statement lists Oreplex International, LLC as the secured party for an amount

25  totaling $97,906,623,613.92.  Compl. ¶ 7, Ex. 3.

26  ////

PROCEDURAL BACKGROUND

In the complaint filed June 25, 2012, plaintiff alleges the UCC Financing Statements described above were filed by Oreplex in conjunction with Mark L. Bryan in retaliation for the acts performed by federal employees during the course of their official duties on behalf of the government.  Compl. ¶ 10.  The liens total billions of dollars and purport to encumber the real and personal property of Mark Everson, Gregory Gillen, Michael Rockwell, John Tam, Bill Ryder, Thomas Matthews, Stephanie Hart, Bill Lockyer, Patrick Dorias, Patrick Kenady, "Diana Woodward Hagle et al.," Scott McGregor, and Patrick Jennings.  Plaintiff alleges these liens were intended to cause substantial interference with the enforcement of the laws of the United States pertaining to the internal revenue and to molest, hinder, intimidate or impede employees of the United States in the good faith performance of their official duties.

Plaintiff asks the court to (a) determine, adjudge, and declare the UCC Financing Statements described above to be null, void, and of no legal effect; (b) expunge and remove any record of the UCC Financing Statements described above from the official records of the Secretary of State for the State of California; (c) grant leave to file any Order or Judgment obtained in the present case with the Secretary of State for the State of California, and in the public records of any other jurisdiction where documents identical or similar to the UCC Financing Statements described above that may have been filed by Brian; and (d) permanently enjoin Oreplex, its agents, employees, and all others in active concert or participation with it from filing, or attempting to file, any document or instrument which purports to create any nonconsensual lien or encumbrance against the person or property of any employee of the United States.

On July 3, 2012, Oreplex was served with the summons and complaint.  See Doc. No. 4.  Oreplex has not answered the complaint or appeared in this case in any manner.  On September 24, 2012, the government filed a Request for Entry of Default against Oreplex.  Doc. No. 5.  On September 25, 2012, the Clerk of the Court entered default against Oreplex.

1   Now pending is plaintiff's November 21, 2012 motion for default judgment.  As
2   with the complaint, the motion seeks a judgment declaring the UCC Financing Statements at
3   issue in this litigation be declared null, void, and without legal effect.  Plaintiff further seeks
4   injunctive relief enjoining defendant from filing similar non-consensual liens in the future
5   against employees of the United States.

6                              LEGAL STANDARD

7   A court has the discretion to enter a default judgment  against one who is not an
8   infant, incompetent, or member of the armed services where the claim is for an amount that is
9   not certain on the face of the claim and where (1) the defendant has been served with the claim;
10  (2) the defendant's default has been entered for failure to appear; (3) if the defendant has
11  appeared in the action, the defendant has been served with written notice of the application for
12  judgment at least three days before the hearing on the application; and, (4) the court has
13  undertaken any necessary and proper investigation or hearing in order to enter judgment or carry
14  it into effect.  Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388,
15  1392 (9th Cir. 1988).  Factors that may be considered by courts in exercising discretion as to the
16  entry of a default judgment and as to setting aside a default include the nature and extent of the
17  delay, Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); the possibility of prejudice to
18  the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's
19  substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment,
20  Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool,
21  782 F.2d at 1471-72; the possibility of a dispute concerning material facts, id.; whether the
22  default was due to excusable neglect, id.; and, the strong policy underlying the Federal Rules of
23  Civil Procedure that favors decisions on the merits, id.
24  ////
25  ////
26

5

ANALYSIS

1.     Factor One: Possibility of Prejudice to Plaintiff

The first factor set forth by the Ninth Circuit in Eitel considers whether the plaintiff would suffer prejudice if default judgment is not entered, and whether such potential prejudice to the plaintiff militates in favor of granting a default judgment.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, plaintiff would potentially face prejudice if the court did not enter a default judgment.  Absent entry of a default judgment, plaintiff would be without another recourse for recovery and the individuals named in Oreplex's UCC Financial Statements would continue to suffer personal harm by the filing of false liens against their real and personal property.  Accordingly, the first Eitel factor favors the entry of default judgment.

B.     Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The undersigned considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The undersigned must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Here, the following facts establish plaintiff is entitled to the relief sought.  Under 26 U.S.C. § 7402(a), the district court is empowered "to void common-law liens imposed by taxpayers on the property of government official assigned to collect delinquent taxes."  Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985).  Injunctive relief enjoining the taxpayer from filing such liens in the future is also appropriate.  Id.  The exhibits attached to the Complaint clearly show that Oreplex filed UCC Financing statements with the Secretary of State for the State of California against multiple officers of the United States.  Facts presented in the Declaration of Patrick Jennings also demonstrate that he, as an officer of the United States, has no relationship

with Oreplex that would give rise to a legitimate notice of lien.  It is therefore readily apparent

that the liens are frivolous.  Moreover, the court accepts as true plaintiff's assertion that Mark L.

Bryan is affiliated with Oreplex and has used that entity solely to retaliate against government

employees for their good-faith efforts to enforce the tax laws against him.  Plaintiff has

demonstrated that the entry of the requested injunction is necessary and appropriate to the

enforcement of the internal revenue laws.  26 U.S.C. § 7402(a).

In addition, plaintiff has demonstrated that continued filings of frivolous liens

against its officers would cause it irreparable harm because federal officers who face personal

reprisal through encumbrance of their property and damage to their credit record may be unable

to enforce the internal revenue laws vigorously and evenhandedly.  Furthermore, plaintiff has

demonstrated that it has no adequate remedy at law with respect to future frivolous lien filings,

because it would suffer the irreparable harm described above during the time in which it would

be required to apply to a court to have the lien filings stricken.  The equities weigh in favor of

plaintiff because Oreplex has no basis for filing nonconsensual liens against federal officers.  An

injunction is also in the public interest because it will help ensure that federal officers can apply

the internal revenue laws free of retaliation and harassment by defendants. In the circumstances

presented here, the second and third factors weigh heavily in favor of default judgment.

C.      Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of

money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F.

Supp. 2d at 1177.  Here, plaintiff seeks no monetary damages.  Accordingly, this factor does not

weigh against entry of default judgment.

D.      Factor Five: The Possibility of a Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the

court with well-pleaded allegations supporting its claims and affidavits in support of its

allegations.  The court may assume the truth of well-pleaded facts in the complaint (except as to

1  damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine

2  issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388,

3  393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken  as true

4  after the court clerk enters default judgment, there is no likelihood that any genuine issue of

5  material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.

6  Supp. 2d at 1177.

7  E.      Factor Six: Whether the Default Was Due to Excusable Neglect

8              Upon review of the record before the court, the undersigned finds that the default

9  was not the result of excusable neglect.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Oreplex

10  was in compliance with the Federal Rules of Civil Procedure, over five months have passed

11  since Oreplex was served with summons, and it has made no attempt to appear in this action.

12  Moreover, plaintiff served defendant by mail with notice of its motion for default judgment.

13  Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, Oreplex

14  has not appeared in this action to date.  Thus, the record suggests that Oreplex has chosen not to

15  defend this action, and not that the default resulted from any excusable neglect.  Accordingly,

16  this Eitel factor favors the entry of a default judgment.

17  F.      Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure

18          Favoring Decisions on the Merits

19              "Cases should be decided upon their merits whenever reasonably possible."  Eitel,

20  782 F.2d at 1472.  However, district courts have concluded with regularity that this policy,

21  standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in

22  an action.  PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc.,

23  2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); ACS Recovery Servs., Inc. v. Kaplan, 2010

24  WL 144816, at *7 (N.D. Cal. Jan. 11, 2010) (unpublished); Hartung v. J.D. Byrider, Inc., 2009

25  WL 1876690, at *5 (E.D. Cal. June 26, 2009) (unpublished).  Accordingly, although the

26  undersigned is cognizant of the policy in favor of decisions on the merits—and consistent with

existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

Upon consideration of the <u>Eitel</u> factors, the undersigned concludes that entry of default judgment against Oreplex is appropriate.  In particular, plaintiff is entitled to the injunctive relief sought in that plaintiff has demonstrated the probability of success on the merits, plaintiff will suffer irreparable harm in the absence of injunctive relief, the balance of equities weighs in favor of plaintiff, and the injunctive relief sought is in the public interest.  <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7 (2008).  The court has reviewed the proposed order submitted by plaintiff and approves the same as to substance and form.

Based on the foregoing, IT IS HEREBY ORDERED that the January 16, 2013 hearing on plaintiff's motion for default judgment is vacated; and

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for default judgment against Oreplex be granted;

2.  The court declare that the UCC Financing Statements at issue are null, void, and without legal effect;

3.  The court enjoin defendant from filing similar non-consensual liens in the future against employees of the United States.

4.  The court enter the proposed order granting declaratory and injunctive relief, which is approved as to substance and form.

5. This action be closed.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections

shall be served and filed within seven (7) court days after service of the objections.  The Court

will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties

are advised that failure to file objections within the specified time may waive the right to appeal

the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 12, 2012.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;usa1684.mdj

10